IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dwayne Jeffers,                           :

      Petitioner                    :        Case No. 2:14-cv-1832

v.                                        :        Judge Graham

Ernie Moore, Warden                       :        Magistrate Judge Abel

      Respondent                    :

                                          :

## Report and Recommendation

    Petitioner Dwayne Jeffers, a prisoner at the Lebanon Correctional Institution, brings this action for writ of habeas corpus under 28 U.S.C. §2254.  This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2254 Cases in United States District Courts.

    The petition alleges that on nov 21, 2005, petitioner Jeffers was convicted of aggravated murder and having a weapon while under a disability in the Court of Common Pleas for Franklin County, Ohio.  He was sentenced to a term of 20 years to life in prison with a 3 year sentence on the firearm specification.

        The petition alleges that petitioner filed a notice of appeal.  On June 21, 2007 the Ohio Court of Appeals for the Tenth Appellate District issued a decision affirming the judgment of conviction. *State v. Jeffers*, 2007 WL 1816262 (Ohio Ct. App. June 21, 2007). Petitioner  file a motion for leave to appeal to the Supreme Court of Ohio.  On

October 31, 2007, the Supreme Court of Ohio issued a decision denying the motion for leave to appeal.

On petitioner filed a motion for leave to reopen his direct appeal. On , the Ohio Court of Appeals for the Appellate District issued a decision denying the motion. Petitioner file a notice of appeal from that decision. On the Supreme Court of Ohio affirmed the decision of the Court of Appeals.

The petition alleges that in April 2011[1] petitioner filed a petition for postconviction relief under Ohio Revised Code §§ 2953.21, *et seq.* In June 2011,[2] the Common Pleas Court issued a decision denying the postconviction petition. Petitioner Jeffers appealed that decision to the Ohio Court of Appeals. On July 19, 2011, the Court of Appeals issued a decision affirming the Common Pleas Court's denial of postconviction relief. *State v. Jeffers*, 2011 WL 2815332 (Ohio Ct. App. July 19, 2011). The petition says that petitioner appealed that decision to the highest state court, but it does not give a date for the appeal or for the Supreme Court of Ohio's decision. From a WestLaw search and a search of the Ohio Tenth District Court of Appeals docket, it does not appear that Jeffers appealed the Ohio Court of Appeals' decision to the Supreme Court of Ohio.

---

[1]Petitioner's November 24, 2010 motion for leave to file a delayed appeal states that the postconviction petition was filed November 27, 2006.

[2]Petitioner's November 24, 2010 motion for leave to file a delayed appeal states that the trial court filed its decision denying the postconviction petition and motion for new trial on September 8, 2010.

Petitioner alleges that he is in custody in violation of the United States Constitution because:

One: His rights to present a defense, to due process of law, and a fundamentally fair trial were denied by the trial court's limitation on evidence demonstrating that someone else had committed the crime.

Two: The trial court erred in failing to grant his motion for a new trial or, in the alternative, for an evidentiary ruling.

Three: His convictions are based on legally insufficient evidence and are against the manifest weight of the evidence.

Four: The representation provided to him fell below the prevailing norms for counsel in a criminal case, was unreasonable, and violated the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

The petition for writ of habeas corpus herein was executed by Jeffers on October 13, 2014 and filed October 27, 2014. Under the provisions of 28 U.S.C. §2244(d)(1), there is a one-year period of limitation for persons filing a federal petition for writ of habeas corpus. The limitation period begins to run from the date the judgment became final by the conclusion of direct review. 28 U.S.C. §2244(d)(1)(A).[3] Petitioner was convicted

---

[3] The limitation period begins to run at a later date if there is an impediment to the filing of the habeas corpus petition created by the state in violation of the constitution, the constitutional right is newly-recognized, or petitioner could not have discovered by the exercise of due diligence a factual predicate to the claim. 28 U.S.C. §2244(d)(1)(B), (C) and (D). None of those situations apply here.

November 21, 2005.  Petitioner filed a direct appeal; and, when the Court of Appeals affirmed the judgment of conviction, he filed a motion for leave to appeal to the Supreme Court of Ohio.  His conviction became final ninety days after October 31, 2007, the date the Supreme Court of Ohio denied his motion for leave to appeal from the Court of Appeals' decision affirming the judgment of conviction[4].   However, on November 27, 2006, Jeffers filed a postconviction action. Consequently, his time to file a federal habeas corpus was tolled until that action was pending.[5] The Ohio Court of Appeals affirmed the denial of petitioner's postconviction petition on July 19, 2011. When he failed to appeal that decision, the tolling period ended. Petitioner had one year from that date to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1)(A).  He did not file this federal habeas corpus action until more than three years later. Further, the petition fails to allege any extraordinary circumstances, beyond petitioner's con-trol, that made it impossible to file a petition on time.  See, *Calderon v. United States Dis-trict Court*, 112 F.3d 386, 391-92 (9th Cir. 1997).

Accordingly, the Magistrate Judge RECOMMENDS that this action be DISMISSED for failure to file the petition within the one-year period of limitation created by 28 U.S.C. §2244(d)(1).

---

[4]Petitioner had ninety days to file a petition for writ of *certiorari* to the United States Supreme Court.  His conviction became final upon expiration of that time.  *Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999)(*en banc*).

[5]The limitation period is stayed during the time a properly filed Ohio petition for post-conviction relief or other collateral review with respect to the judgment or claim is pending.  28 U.S.C. §2244(d)(2).

If any party objects to this Report and Recommendation, that party may, within ten (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail or email a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay Street 16th Floor, 43215.

s/Mark R. Abel
United States Magistrate Judge