IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DWAYNE JEFFERS.

    Petitioner,

    v.

ERNIE MOORE, WARDEN,

    Respondent.

CASE NO. 2:14-CV-1832
JUDGE JAMES L. GRAHAM
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On November 6, 2014, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. 2244(d). ECF 12. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. ECF 15. Petitioner has also filed a *Motion for Reconsideration* of the dismissal of his October 6, 2014, motions for leave to file a delayed petition, for an evidentiary hearing, for wrongful imprisonment, for discharge, for a complete copy of the trial transcript, to be called as a witness, and to exceed normal page limits (ECF 2-8) as moot. ECF 19. Respondent has filed a *Response in Opposition* to Petitioner's *Objection*. ECF 20.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. The record indicates that this action is plainly time-barred. Petitioner challenges his November, 2005, convictions in the Franklin County Court of Common Pleas for aggravated murder with firearm specifications and having a weapon while under disability. On June 21, 2007, the Ohio Tenth District Court of Appeals remanded the case to the trial court for re-sentencing with regard to

1

Petitioner's conviction for having a weapon while under disability under *State v. Foster,* 109 Ohio St.3d 1 (Ohio 2006)(excising fact-finding provisions of Ohio's sentencing statutes under *Blakely v. Washington*, 524 U.S. 296 (2004)), but otherwise affirmed the judgment of the trial court. *See State v. Jeffers,* 2007 WL 1816262 (Ohio App. June 21, 2007).  On October 31, 2007, the Ohio Supreme Court dismissed Petitioner's appeal.  At that time, Petitioner had pending a petition for post-conviction relief which tolled the running of the statute of limitations under 28 U.S.C. § 2244(d)(2) until 2011, when the denial of Petitioner's post-conviction petition was affirmed on appeal.  *State v. Jeffers*, 2011 WL 2815322 (Ohio App. July 19, 2011).  Petitioner waited until October, 2014, long after the one-year statute of limitations had expired, to pursue federal habeas corpus relief.  The record does not show that equitable tolling of the statute of limitations is appropriate.  Further, despite Petitioner's claim to the contrary, the record fails to indicate that he is actually innocent of the charges against him so as to permit review of time-barred claims.

For the foregoing reasons, Petitioner's *Objection*, ECF 15, is **OVERRULED.**  The *Report and Recommendation*, ECF 12, is **ADOPTED** and **AFFIRMED**.  Petitioner's *Motion for Reconsideration*, ECF 19, is **DENIED**.  This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Date: January 21, 2015               _____s/James L. Graham_____
                                     JAMES L. GRAHAM
                                     United States District Judge